Filed 11/8/22 P. v. Carter CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074159 |
| v. | (Super.Ct.No. FSB03821) |
| JERMAINE CORNELIUS CARTER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Michael A. Smith, Judge. (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed and remanded with directions.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Alan L.

1

Amann, Lynne G. McGinnis, and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

I

INTRODUCTION

In 1995, among other crimes, a jury convicted defendant and appellant Jermaine Cornelius Carter of first degree murder (Pen. Code,[1] § 187) with true findings on the special circumstance allegation that the murder occurred during a robbery (§ 190.2, subd. (a)(17)) and the special circumstance of multiple murder (§ 190.2, subd. (a)(3)). The jury also convicted defendant of second degree murder, during which he used a handgun (§ 12022.5, subd. (a)). Defendant was sentenced to life without the possibility of parole.

In 2019, defendant filed a petition to vacate his murder convictions under section 1172.6 (formerly section 1170.95),[2] which was enacted by the Legislature through its passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015). The trial court denied the petition, finding Senate Bill No. 1437 unconstitutional and, alternatively, concluding defendant was ineligible for relief as a matter of law based on the jury's special circumstance finding (first degree murder) and because defendant was the actual killer (second degree murder).

---

[1] All future references are to the Penal Code unless otherwise stated.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text. (Stats. 2022, ch. 58, § 10.) We cite to section 1172.6 for ease of reference unless otherwise indicated.

2

Defendant appealed that ruling, arguing the trial court erred in finding Senate Bill No. 1437 unconstitutional and by concluding the special circumstance finding as to his first degree murder conviction made him ineligible for relief as a matter of law. Relying on *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), he argued the jury's 1995 special circumstance finding did not conclusively bar him from obtaining relief because a robbery-murder special circumstance finding made before *Banks* and *Clark* is not dispositive. In our original opinion, we concluded that Senate Bill No. 1437 is constitutional but found defendant's special circumstance finding rendered him ineligible for relief as a matter of law. We therefore affirmed the summary denial of defendant's petition.

The California Supreme Court granted review of our opinion and deferred action pending its decisions in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), and it has now transferred the matter back to us with directions to vacate our original opinion and reconsider defendant's appeal in light of those decisions. In *Strong*, our Supreme Court held that a pre-*Banks*/*Clark* felony-murder special circumstance finding does not render a section 1172.6 petitioner ineligible for relief as a matter of law. Having reconsidered defendant's appeal in light of *Strong* and *Lewis*, we reverse the trial court's order and remand the matter for further proceedings pursuant to section 1172.6.

II

FACTUAL AND PROCEDURAL BACKGROUND[3]

On February 27, 1994, defendant, Walter Reginald Beasley, James Charles Beasley (the Beasley brothers), and the first victim were arguing in an alley in Rialto. Gunfire erupted between defendant and the victim, and the victim was killed. The three left in one of the Beasley brothers' cars.

They drove to Ivan Ray Warren's house and then took off with him in his car. They drove to a store where two of the four entered, held up the clerk at gunpoint, had him open the cash drawer, then shot him in the head, killing him.

Next, they traveled to the parking lot of a department store, where they robbed a man whose disabled car was parked there. They then drove to the parking lot of a nearby restaurant, where a woman and man were held up at gunpoint.

On August 25, 1994, an information was filed charging defendant with seven felony counts: one count of attempted murder (§§ 664/187, subd. (a); count 1) of Ronnie F.; one count of murder (§ 187, subd. (a); count 2) of William R. with a firearm enhancement (§ 12022.5, subd. (a)); one count of second degree robbery (§ 211; count 3) with a firearm enhancement (§ 12022.5, subd. (a)); one count of murder (§ 187, subd. (a); count 4) of Robert K. with special allegations that the crime occurred during the

_____

[3] The summary of the factual background is taken from this court's nonpublished opinions from defendant's prior appeals in case Nos. E015694 and E071716. (*People v. Carter* (Jan. 14, 1997, E015694) [nonpub. opn.] (*Carter I*); *People v. Carter* (July 30, 2019, E071716) [nonpub. opn.] (*Carter II*).)

4

commission of a robbery (§ 190.2, subd. (a)(17), and multiple murders (§ 190.2, subd. (a)(3)); and three counts of second degree robbery (§ 211; counts 5, 6, & 7).[4]

This matter went to trial by jury against both defendant and codefendant Warren. Upon conclusion of the evidence, both defendants made motions under section 1118.1 for dismissal of all charges against them. The trial court denied the motion in its entirety as to codefendant Warren and granted defendant's motion only as to count 1, attempted murder. (See *Carter II*, E071716.)

Subsequently, the jury convicted defendant and codefendant Warren of four counts of second degree robbery (§ 211), during one of which defendant used a handgun (§ 12022.5, subd. (a)), and one count each of first degree murder (§ 187). As to both defendants, the jury further found the special circumstance that the murder occurred during a robbery (§ 190.2, subd. (a)(17)), and, as to defendant, the jury found the special circumstance of multiple murder (§ 190.2, subd. (a)(3)). The jury also convicted defendant of second degree murder, during which he used a handgun. Both defendants received life terms without the possibility of parole, along with determinate terms. (*Carter II*, *supra*, E071716.) In 1997, we affirmed the judgment in a nonpublished opinion. (*Ibid.*)

---

[4] The criminal complaint also named the Beasley brothers and Warren as defendants. Both Beasley brothers entered a plea before trial and codefendant Warren was tried with defendant.

On January 1, 2019, Senate Bill No. 1437 became effective, which amended the felony-murder rule and the natural and probable consequences doctrine as it relates to murder. (See Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also added former section 1170.95 (now section 1172.6), which created a procedure for offenders previously convicted of murder to seek retroactive relief if they could no longer be convicted of murder under the new law. (Stats. 2018, ch. 1015, § 4.)

On July 3, 2019, defendant in propria persona filed a petition for resentencing pursuant to section 1172.6, requesting that his murder convictions be vacated based on changes to sections 188 and 189, as amended by Senate Bill No. 1437, and asking to be resentenced.

The People moved to strike the petition based on the unconstitutionality of Senate Bill No. 1437 and resulting statutes. The People thereafter filed an informal response to the petition, along with a request for judicial notice of the underlying trial, arguing defendant failed to state a prima facie case for relief.

On September 26, 2019, defendant's appointed counsel filed an opposition to the People's motion to strike, arguing Senate Bill No. 1437 is constitutional. Defense counsel also asserted that defendant had made a prima facie case for relief and that the burden had shifted to the prosecution to establish he was not eligible for relief.

On October 9, 2019, the trial court issued a tentative decision finding Senate Bill No. 1437 unconstitutional and, concluding alternatively, that defendant was ineligible for relief. As to his second degree murder conviction (count 2), the court noted

that defendant was the actual killer. As to his first degree murder conviction (count 4), the court explained the attendant special circumstance finding, namely murder committed in the commission of a robbery, established that defendant either acted with the specific intent to kill or was a major participant who acted with reckless indifference to human life. The court continued further hearing to permit the parties to prepare additional briefing to address the tentative decision.

The parties ultimately submitted, and the trial court, following its tentative decision, denied defendant's petition on November 4, 2019, in a written ruling.

III

DISCUSSION

Defendant contends the trial court erred in relying on the jury's pre-*Banks* and *Clark* true finding on the robbery-murder special circumstance to deny his petition, and thereby violated his due process rights. The People concede that under *Strong*, the court's order denying defendant's petition for resentencing at the prima facie stage should be reversed and the matter remanded for further proceedings. Because his conviction predates our Supreme Court's decisions in *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522, which clarified the meaning of "major participant" and "reckless indifference to human life," we concur that the trial court erred in denying defendant's petition at the prima facie stage and remand for further proceedings under section 1172.6.

A. *Legal Background*

In 2015 and 2016, our Supreme Court decided *Banks* and *Clark*, respectively, which discuss when section 190.2 authorizes a special circumstance life without parole sentence for a felony-murder defendant convicted as an aider and abettor. (*Banks*, *supra*, 61 Cal.4th at p. 794; *Clark*, *supra*, 63 Cal.4th at pp. 609-610.) Those decisions held that participation in an armed robbery, on its own, is insufficient to support a finding the defendant acted with reckless indifference to human life. Instead, the factfinder must consider "the defendant's personal role in the crimes leading to the victim's death and weigh the defendant's individual responsibility for the loss of life, not just his or her vicarious responsibility for the underlying crime." (*Banks*, at p. 801, italics omitted.) "The defendant must be *aware of and willingly involved in* the violent manner in which the particular offense is committed," thereby "demonstrating reckless indifference to the significant risk of death his or her actions create." (*Ibid*., italics added.) *Banks* provided a non-exhaustive list of factors to consider when determining whether the defendant was a major participant in the underlying felony. (*Banks*, at p. 803.) And *Clark* offered a similar list for determining whether the defendant acted with reckless indifference to human life. (*Clark*, at pp. 619-623.)

As noted previously, effective January 1, 2019, the Legislature passed Senate Bill No. 1437 "'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major

8

participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Gentile* (2020) 10 Cal.5th 830, 846-847 (*Gentile*); see Stats. 2018, ch. 1015, § 1, subd. (f).) The Legislature accomplished this by amending sections 188 and 189. Effective January 1, 2022, Senate Bill No. 775 expanded the scope of those changes to encompass, among other things, murder convictions "under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a), as amended by Stats. 2021, ch. 551, § 2.)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e), now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human

9

life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also created a procedure for offenders previously convicted of felony murder or murder under the natural and probable consequences doctrine to seek retroactive relief if they could no longer be convicted of murder under the new law. (*Gentile*, *supra*, 10 Cal.5th at p. 843; see *Lewis*, *supra*, 11 Cal.5th at p. 959.) Under section 1172.6, such offenders may petition to have their convictions vacated and are entitled to relief if (1) the complaint or information filed against them allowed the prosecution to proceed under a felony murder or natural and probable consequences theory; (2) they were "convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder"; and (3) they "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189." (§ 1172.6, subd. (a).) If a petition makes a prima facie showing the offender is entitled to relief, the trial court must issue an order to show cause and hold "a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced." (§ 1172.6, subds. (c), (d)(1).) At that hearing, the People bear the burden "to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3); see *Lewis*, at p. 960.)

The prima facie inquiry under section 1172.6, subdivision (c), is "limited." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court "'"takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved."'" (*Ibid.*) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972; see *id.* at p. 971.)

In Senate Bill No. 775, the Legislature amended the language of section 1172.6, expanding the scope of the petitioning process and clarifying some of the procedural requirements. (Stats. 2021, ch. 551, § 2.) Section 1172.6 now provides that, upon receiving a petition, if the petitioner has requested counsel, the court must appoint counsel to represent the petitioner. (§ 1172.6, subd. (b)(3).)

B. *Standard of Review*

In this case, the trial court denied defendant's petition at the prima facie stage under section 1172.6, subdivision (c). A denial at this stage is appropriate only if the record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 960.) This is a purely legal conclusion, which we review de novo. (See *id.* at p. 961.) The interpretation and application of a statute to factual findings is a question of law subject to de novo review as well. (*Ibid.*; *People v. Johnson* (2016) 1 Cal.App.5th 953, 960.)

11

C. *Analysis*

Our Supreme Court recently made clear that when, as here, a defendant's case "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong*, *supra*, 13 Cal.5th at p. 721.) "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id*. at p. 710.) The *Strong* court noted that the *Banks* and *Clark* cases "both substantially clarified the law governing findings under . . . section 190.2, subdivision (d)." (*Id*. at p. 706.) The court explained that a pre-*Banks* and *Clark* special circumstance finding does not negate the showing that the petitioner could not presently be convicted of murder or attempted murder because of changes to section 188 or 189 "because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Strong*, at pp. 717-718.)

Noting the differences between pre- and post-*Banks* and *Clark* special circumstance requirements, the Supreme Court observed the changes may "have altered what evidence defense counsel would have sought to introduce[,] . . . might have fundamentally altered trial strategies," and may have affected what jury instructions were requested or given. (*Strong*, *supra*, 13 Cal.5th at p. 719.) "An after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences. . . . And as the Legislature has made explicit in a recent amendment to the predecessor to

section 1172.6, a court determination that substantial evidence supports a homicide conviction is not a basis for denying resentencing after an evidentiary hearing. [Citation.] Nor, then, is it a basis for denying a petitioner the opportunity to have an evidentiary hearing in the first place." (*Id.* at p. 720.) Thus, neither "the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Id.* at p. 720.)

Here, the jury made its special circumstances finding in 1995, about 20 years before *Banks* and *Clark*. And the trial court found defendant ineligible for relief as to his first degree murder conviction based on the attendant special circumstance finding, namely that the murder was committed in the commission of the robbery. Pursuant to *Strong*, that finding does not preclude defendant from stating a prima facie case for relief. (*Strong*, *supra*, 13 Cal.5th at p. 721.) Furthermore, a defendant's prima facie case is not barred even if the trial evidence was sufficient to support the special circumstance finding after *Banks* and *Clark*. (*Strong*, at p. 710; *Lewis*, *supra*, 11 Cal.5th at p. 972 [in reviewing the record at the prima facie stage, "a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion'"].)

Defendant's resentencing petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6. Nothing in the record demonstrates

defendant is ineligible for relief as a matter of law, so we must remand the matter for further proceedings under section 1172.6.

## IV

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed. The matter is remanded for further proceedings pursuant to section 1172.6.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:


McKINSTER
   Acting P. J.


MENETREZ
   J.